UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

IN RE:   FINES ROBERT MCEWEN

                                         Bk. Case No. 18-10175 JDL

Debtor.                                CHAPTER 7

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND FOR ABANDONMENT OF PROPERTY
AND NOTICE OF OPPORTUNITY FOR HEARING AS TO DEBTOR(S) FINES ROBERT
MCEWEN, AND AS TO NON-FILING CO-DEBTOR LOLA MCEWEN

Wells Fargo Bank, N.A., its successors and assigns, ("Movant" herein) alleges as follows:

1.      That on or about January 18, 2018, the Debtor filed a Chapter 13 Petition in Bankruptcy with this Court.  In addition to the automatic stay provided to the debtor, 11 U.S.C. Section 1301 (a) provides there is a stay against the non-filing co-debtor, Lola McEwen on the property listed below.  On December 19, 2018, the case was converted to a Chapter 7 in this court.

2.      Movant is the current payee of a mortgage note secured by a mortgage of the same date upon property generally described as follows:

> LOT THIRTEEN (13), OF BLOCK THREE (3), IN MERIDIAN MEADOWS 1ST ADDITION, TO THE CITY OF OKLAHOMA CITY, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING TO THE RECORDED PLAT THEREOF.

> PROPERTY ADDRESS: 4304 N.W. 56th Terrace, Oklahoma City, OK 73112

3.      Movant is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor, Fines Robert McEwen, and non-filing co-debtor, Lola McEwen.

4.      As of January 9, 2019, there is currently due an unpaid principal balance of $91,730.67, plus interest at 6.875 percent per annum from February 1, 2018 plus late charges. This loan is contractually due for March 1, 2018.

5.      Movant alleges that there is insufficient equity in the property to be of any value to the estate and that the property is burdensome; that Movant is not adequately protected; that the subject property is not necessary to an effective reorganization or rehabilitation, and that it would be unfair and inequitable to delay this secured creditor in the foreclosure of its interest. Therefore, cause exists to provide relief from the automatic stay and abandonment.

6.      This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Section 157(b)(2)(G) and 11 U.S.C. Section 362(d).

7.      In accordance with the Fair Debt Collection Practices Act, unless the consumer, within thirty days after receipt of this notice, disputes the validity of any portion of the debt, the debt will be assumed valid.  If said consumer notifies the undersigned attorney for Plaintiff in writing within said thirty day period that any portion of the debt is disputed, said attorney will obtain verification of the debt and/or judgment and a copy of such verification will be mailed to said consumer by the undersigned attorney for Plaintiff; and upon written request by the consumer within the thirty day period, the undersigned attorney for Plaintiff will provide the name and address of the original creditor, if different from the current creditor.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

WHEREFORE, Movant prays as follows:

(1)      For an Order granting relief from the automatic stay, abandoning the property from the bankruptcy estate and allowing Movant to commence and/or complete foreclosure

proceedings under applicable state law, including all necessary actions to obtain possession of the property.

(2)    That Movant, through its agents, servicers and representatives is/are permitted to contact Debtor(s) and/or Debtor's counsel for the purpose of engaging in discussions and consideration for possible loss mitigation options, solutions and/or resolutions with regard to the underlying mortgage and note, including, but not limited to loan modification or other loss mitigation alternatives.

(3)    For such other relief as this Court deems appropriate.

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected.  You should read this document carefully and consult your attorney about your rights and the effect of this document.**  If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than **20** days from the date of filing of this request for relief. You should also mail a file-stamped copy of your response or objection to the undersigned Movant attorney (and others who are required to be served) and file a certificate of service with the Court.  If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.  **The 20 day period includes the 3 days allowed for mailing provided for the Rule 9006(f) Fed.R.Bankr. Proc.**

SHAPIRO & CEJDA, LLC


BY:   s/Kirk J. Cejda
        Kirk J. Cejda #12241
        770 NE 63rd St
        Oklahoma City, OK 73105-6431
        (405)848-1819
        Attorney for Wells Fargo Bank, N.A.
        (405)848-2009 (Facsimile No.)
        okecfwestern@logs.com

4

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 30th of January 2019, the foregoing pleading was mailed via U.S. Mail, first class, postage prepaid to the following parties, to-wit:  Fines Robert McEwen, 4304 N.W. 56th Terrace, Oklahoma City, OK 73112, (Debtor), Lola McEwen, 4304 N.W. 56th Terrace, Oklahoma City, OK 73112 (non-filing co-debtor) and all parties listed on the attached Debtor's matrix.  Further, I certify that a true and correct copy of the foregoing pleading was electronically served on the 30th of January, 2019 using the CM/ECF system to the following parties: Chuck Moss, (Attorney for Debtor), Douglas N. Gould, (Trustee).

        __s/Kirk J. Cejda_____
        Kirk J. Cejda #12241

File No. 18-132767